UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 2023-20555-CIV-DAMIAN
CONSENT CASE

NORIS AREVALO, JUAN AREVALO )
VILLALOBOS, ALVARO VILLALOBOS, )
TOMAS AVENDANO, SANDRA BAIRES, )
and all others similarly situated under 29 )
U.S.C. 216(b), )
        Plaintiffs, )
  vs. )
HAVANA HARRY'S II INC., NIEVES FEAL )
and ARTHUR CULLEN, )
        Defendants. )
_____ )

# FIRST AMENDED COMPLAINT FOR OVERTIME WAGE VIOLATIONS, OVERTIME PAY VIOLATION FOR IMPROPER PAYROLL DEDUCTIONS AND CONVERSION/ CIVIL THEFT

Plaintiffs, NORIS AREVALO, JUAN AREVALO VILLALOBOS, ALVARO VILLALOBOS, TOMAS AVENDANO and SANDRA BAIRES, on behalf of themselves and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, file this First Amended Complaint against Defendants, HAVANA HARRY'S II INC., NIEVES FEAL and ARTHUR CULLEN jointly and severally and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were all residents of Miami-Dade County, Florida at the time that the disputes arose.

3. The Defendant HAVANA HARRY'S II INC. is a company that regularly transacted business within Miami-Dade County that was dedicated to serving Hispanic foods. Upon information and belief, the Defendant Corporation was the FLSA employer for each Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant NIEVES FEAL is a corporate officer, owner and manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying each Plaintiff their wages for the relevant time period and controlled each Plaintiff's work and schedule and was therefore each Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. The individual Defendant ARTHUR CULLEN is a corporate officer, owner and manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying each Plaintiff their wages for the relevant time period and controlled each Plaintiff's work and schedule and was therefore each Plaintiff's employer as defined by 29 U.S.C. 203 (d).

6. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

**COUNT I. FEDERAL OVERTIME WAGE VIOLATIONS AGAINST DEFENDANTS JOINTLY AND SEVERALLY**

7. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiffs (i.e., cook, prep cooks, etc.) who have not been paid all their overtime wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the

production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

10. Plaintiff NORIS AREVALO worked for Defendants, HAVANA HARRY'S II INC., NIEVES FEAL and ARTHUR CULLEN as a cook and food preparer from on or about 2019 through to April 24, 2022.

11. Plaintiff JUAN AREVALO VILLALOBOS worked for Defendants, HAVANA HARRY'S II INC., NIEVES FEAL and ARTHUR CULLEN as a preparer of appetizers from on or about March 2018 through to April 24, 2022.

12. Plaintiff ALVARO VILLALOBOS worked for Defendants, HAVANA HARRY'S II INC., NIEVES FEAL and ARTHUR CULLEN as a food preparer from on or about 2018 through to April 24, 2022.

13. Plaintiff TOMAS AVENDANO worked for Defendants, HAVANA HARRY'S II INC., NIEVES FEAL and ARTHUR CULLEN as a food preparer from on or about 2016 through to April 24, 2022.

14. Plaintiff SANDRA BAIRES worked for Defendants, HAVANA HARRY'S II INC., NIEVES FEAL and ARTHUR CULLEN as a salad and ceviche preparer from on or about April 2018 through to April 24, 2022.

15. As a cooks and preparers, each Plaintiff's job duties required of them by Defendants, along with the other kitchen staff, included, but were not limited to, regularly preparing and cooking Hispanic food dishes and other menu items for customers.

16. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and each Plaintiff's work for the Defendants affected

interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods, which were integral to the Defendants' business operations, including but not limited to, meat, seafood, poultry, pastas, etc. and cookware (i.e. pots, pans, stovetops, etc.) that each Plaintiff used on a constant and continual basis which were supplied to Plaintiffs by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to each Plaintiff's use of the same. Each Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while they worked for the Defendants that the Fair Labor Standards Act applies to each Plaintiff's work for the Defendants.

17. Additionally, Defendants regularly employed two or more employees for the relevant time period such as the other cook(s) and/or prep cook(s), who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

18. Upon information and belief, the Defendant Corporation HAVANA HARRY'S II INC. had gross sales or business done in excess of $500,000 annually for the years 2015, 2016, 2017, 2018, 2019, 2020 and 2021.

19. Upon information and belief, Defendant HAVANA HARRY'S II INC. had gross sales or business done in excess of $125,000 for the first quarter of the year 2022.

20. During the period of 2019 through to April 24, 2022, Plaintiff NORIS AREVALO was paid different hourly rates ranging from $15.00, $16.00; and $18.00 per hour.

21. During the period of 2019 through to April 24, 2022, Plaintiff NORIS AREVALO regularly worked overtime, and Defendants always shaved off approximately and at least 6 hours per week, depriving Plaintiff NORIS AREVALO of payment for at least 6 overtime hours each

week, and in violation of the Fair Labor Standards Act. Plaintiff NORIS AREVALO therefore claims the time and a half time overtime rate for approximately and at least 6 overtime hours each week.

22. During the period of March 2018 through to April 24, 2022, Plaintiff JUAN AREVALO VILLALOBOS was paid different hourly rates ranging from $13.00, $15.00 and $16.00 per hour.

23. During the period of March 2018 through to April 24, 2022, Plaintiff JUAN AREVALO VILLALOBOS regularly worked overtime, and Defendants always shaved off approximately and at least 6 hours per week, depriving Plaintiff JUAN AREVALO VILLALOBOS of payment for at least 6 overtime hours each week, and in violation of the Fair Labor Standards Act. Plaintiff JUAN AREVALO VILLALOBOS therefore claims the time and a half time overtime rate for approximately and at least 6 overtime hours each week.

24. During the period of 2019 through to April 24, 2022, Plaintiff ALVARO VILLALOBOS was paid $18.00 per hour.

25. During the period of 2019 through to April 24, 2022, Plaintiff ALVARO VILLALOBOS regularly worked overtime, and Defendants always shaved off approximately and at least 6 hours per week, depriving Plaintiff ALVARO VILLALOBOS of payment for at least 6 overtime hours each week, and in violation of the Fair Labor Standards Act. Plaintiff ALVARO VILLALOBOS therefore claims the time and a half time overtime rate for approximately and at least 6 overtime hours each week.

26. During the period of 2016 through to April 24, 2022, Plaintiff TOMAS AVENDANO was paid different hourly rates ranging from $12.00, $15.00 and $18.00 per hour.

27. During the period of 2016 through to April 24, 2022, Plaintiff TOMAS AVENDANO regularly worked overtime, and Defendants always shaved off approximately and at least 6 hours

per week, depriving Plaintiff TOMAS AVENDANO of payment for at least 6 overtime hours each week, and in violation of the Fair Labor Standards Act. Plaintiff TOMAS AVENDANO therefore claims the time and a half time overtime rate for approximately and at least 6 overtime hours each week.

28. During the period of 2016 through to April 24, 2022, Plaintiff SANDRA BAIRES was paid different hourly rates ranging from $12.00, $13.00, $14.00 and $15.00.

29. During the period of 2016 through to April 24, 2022, Plaintiff SANDRA BAIRES regularly worked overtime, and Defendants always shaved off approximately and at least 6 hours per week, depriving Plaintiff SANDRA BAIRES of payment for at least 6 overtime hours each week, and in violation of the Fair Labor Standards Act. Plaintiff SANDRA BAIRES therefore claims the time and a half time overtime rate for approximately and at least 6 overtime hours each week.

30. The Defendants, willfully and intentionally refused to pay each Plaintiff all their overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Specifically, the Defendants would manipulate time records and "shave off" approximately and at least 6 overtime hours per week from each Plaintiff's paychecks. Defendants remain owing Plaintiffs these wages from the commencement of each Plaintiff's employment with Defendants for the time periods specified above. Defendants were found culpable of numerous overtime wage violations for approximately 20 employees pursuant to a prior Department of Labor investigation and took no proper nor corrective action to ensure compliance with the federal overtime wage laws thereafter.

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing each Plaintiff for their entire employment period with the Defendants, or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. ***The Plaintiffs request a trial by jury***.

## COUNT II – OVERTIME PAY VIOLATION FOR IMPROPER PAYROLL DEDUCTIONS

Come now the Plaintiffs NORIS AREVALO, JUAN AREVALO VILLALOBOS, TOMAS AVENDANO and SANDRA BAIRES, through Counsel, and re-allege the factual and jurisdictional allegations in paragraphs 1- 30 above and further state:

31. Plaintiff NORIS AREVALO worked for Defendants, HAVANA HARRY'S II INC., NIEVES FEAL and ARTHUR CULLEN as a cook and food preparer from on or about 2019 through to April 24, 2022.

32. Plaintiff NORIS AREVALO regularly worked in excess of 40 hours weekly for the Defendants and was paid for at least some of the weekly overtime hours worked according to Plaintiff's paystubs.

33. Plaintiff NORIS AREVALO's paystubs reflect wrongful statutory deductions each pay period, done by or at Defendants' direction, totaling as follows:

   i.   For the year 2020: Social Security: $1,240.74 and Medicare: $290.17;

   ii.  For the year 2021: Social Security: $ 2,757.39 and Medicare: $644.87;

   iii. For the year 2022: Social Security: $930.98 and Medicare: $217.73.

34. Plaintiff NORIS AREVALO never received the benefit of the above deductions, nor were they paid for Plaintiff's benefit to the U.S. Government.

35. Plaintiff NORIS AREVALO's paystubs also reflect wrongful parking and meal deductions from Plaintiff's wages, for each pay period totaling as follows:

    i.    For the year 2020: Parking: $120.00 and Meals: $180.00;

    ii.    For the year 2021: Parking: $250.00 and Meals: $375.00;

    iii.    For the year 2022: Parking: $90.00 and Meals: $135.00

36. The Defendants have no records to take these credits against Plaintiff NORIS AREVALO's wages listed in ¶ 35 above as required by 29 U.S.C. 203(m). The $25.00 wrongfully deducted per pay period (or $12.50 weekly) represents overtime pay which was wrongfully and regularly deducted from Plaintiff NORIS AREVALO's paycheck and which remains due and owing for each week that Plaintiff NORIS AREVALO worked for the Defendants.

37. The average value of these wrongfully withheld statutory deductions, parking deductions and meal deductions amount to approximately 295 completely unpaid overtime hours at Plaintiff NORIS AREVALO's overtime rate of $24.50[1]/hr.

38. Therefore, in addition to the missing overtime hours worked off the clock and/or regularly deleted by the Defendants as claimed in ¶ 21 above, Plaintiff NORIS AREVALO claims at least an additional 295 of completely unpaid overtime hours, at a time and a half rate, for the overtime hours that appear on his pay stubs but were never paid to Plaintiff NORIS AREVALO nor on Plaintiff's behalf due to the wrongful withholdings and deductions stated herein.

39. Plaintiff JUAN AREVALO VILLALOBOS worked for Defendants, HAVANA HARRY'S II INC., NIEVES FEAL and ARTHUR CULLEN as a preparer of appetizers from on or about March 2018 through to April 24, 2022.

---

[1] For purposes of this count, an *average* overtime rate was used based on the different hourly rates Plaintiff Noris Arevalo was paid during the relevant time period and based on a reasonable approximation without the benefit of complete time and pay records from Defendants.

40. Plaintiff JUAN AREVALO VILLALOBOS' paystubs reflect wrongful parking and meal deductions from Plaintiff's wages, for each pay period totaling as follows:

  i.   For the year 2020: Parking: $240.00 and Meals: $382.00;

  ii.  For the year 2021: Parking: $260.00 and Meals: $390.00;

  iii. For the year 2022: Parking: $90.00 and Meals: $135.00.

41. The Defendants have no records to take these credits against Plaintiff JUAN AREVALO VILLALOBOS' wages listed in ¶ 40 above as required by 29 U.S.C. 203(m). The $25.00 wrongfully deducted per pay period (or $12.50 weekly) represents overtime pay which was wrongfully and regularly deducted from Plaintiff JUAN AREVALO VILLALOBOS paycheck and which remains due and owing for each week Plaintiff JUAN AREVALO VILLALOBOS worked for the Defendants.

42. The average value of these wrongfully withheld parking and meal deductions amount to approximately 68 completely unpaid overtime hours at Plaintiff JUAN AREVALO VILLALOBOS's overtime rate of $22.01$^{2}$/hr.

43. Therefore, in addition to the missing overtime hours worked off the clock and/or regularly deleted by the Defendants as claimed in ¶ 23 above, Plaintiff JUAN AREVALO VILLALOBOS claims at least an additional 68 of completely unpaid overtime hours, at a time and a half rate, for the overtime hours that appear on his pay stubs but were never paid to Plaintiff JUAN AREVALO VILLALOBOS nor on Plaintiff's behalf due to the wrongful withholdings/deductions stated herein.

---

[2] For purposes of this count, an *average* overtime rate was used based on the different hourly rates Plaintiff Juan Arevalo Villalobos was paid during the relevant time period and based on a reasonable approximation without the benefit of complete time and pay records from Defendants.

44. Plaintiff TOMAS AVENDANO worked for Defendants, HAVANA HARRY'S II INC., NIEVES FEAL and ARTHUR CULLEN as a food preparer from on or about 2016 through to April 24, 2022.

45. Plaintiff TOMAS AVENDANO regularly worked in excess of 40 hours weekly for the Defendants and was paid for at least some of the weekly overtime hours worked according to Plaintiff's paystubs.

46. Plaintiff's TOMAS AVENDANO paystubs reflect wrongful statutory deductions each pay period, done by or at Defendants' direction, totaling as follows:

   i. For the year 2020: Social Security: $394.38; Federal Income Tax: $96.81 and Medicare: $92.23;

   ii. For the year 2021: Social Security: $ 2,297.93 and Medicare: $537.42;

   iii. For the year 2022: Social Security: $817.09 and Medicare: $191.09.

47. Plaintiff TOMAS AVENDANO never received the benefit of the above deductions, nor were they paid for Plaintiff's benefit to the U.S. Government.

48. Plaintiff TOMAS AVENDANO's paystubs also reflect meal deductions from Plaintiff's wages, for each pay period totaling as follows:

   i. For the year 2020: Meals: $75.00;

   ii. For the year 2021: Meals: $390.00;

   iii. For the year 2022: Meals: $135.00.

49. The Defendants have no records to take these credits against Plaintiff TOMAS AVENDANO's wages listed in ¶ 48 above, as required by 29 U.S.C. 203(m). The $15.00 wrongfully deducted per pay period (or $7.50 weekly) represents overtime pay which was wrongfully and regularly deducted from Plaintiff TOMAS AVENDANO's paycheck and which

remains due and owing for each week Plaintiff TOMAS AVENDANO worked for the Defendants.

50. The average value of these wrongfully withheld statutory deductions and meal deductions amount to approximately 223 completely unpaid overtime hours at Plaintiff TOMAS AVENDANO's overtime rate of $22.50[3]/hr.

51. Therefore, in addition to the missing overtime hours worked off the clock and/or regularly deleted by the Defendants as claimed in ¶ 27 above, Plaintiff TOMAS AVENDANO claims at least an additional 223 of completely unpaid overtime hours, at a time and a half rate, for the overtime hours that appear on his pay stubs but were never paid to Plaintiff TOMAS AVENDANO nor on Plaintiff's behalf due to the wrongful withholdings/deductions stated herein.

52. Plaintiff SANDRA BAIRES worked for Defendants, HAVANA HARRY'S II INC., NIEVES FEAL and ARTHUR CULLEN as a salad and ceviche preparer from on or about April 2018 through to April 24, 2022.

53. Plaintiff SANDRA BAIRES regularly worked in excess of 40 hours weekly for the Defendants and was paid for at least some of the weekly overtime hours worked according to Plaintiff's paystubs.

54. Plaintiff's SANDRA BAIRES paystubs reflect wrongful statutory deductions each pay period, done by or at Defendants' direction, totaling as follows:

   i.   For the year 2020: Social Security: $1,716.05; Federal Income Tax: $324.05 and Medicare: $401.54;

   ii.  For the year 2021: Social Security: $1,792.69; Federal Income Tax: $158.16 and

---

[3] For purposes of this count, an *average* overtime rate was used based on the different hourly rates Plaintiff Tomas Avendano was paid during the relevant time period and based on a reasonable approximation without the benefit of complete time and pay records from Defendants.

    Medicare: $419.26;

 iii. For the year 2022: Social Security: $946.76; Federal Income Tax: $368.18 and Medicare: $221.42.

55. Plaintiff SANDRA BAIRES never received the benefit of the above deductions, nor were they paid for Plaintiff's benefit to the U.S. Government.

56. Plaintiff SANDRA BAIRES' paystubs also reflect wrongful meal deductions from Plaintiff's wages, for each pay period totaling as follows:

 i. For the year 2020: Meals: $217.50;

 ii. For the year 2021: Meals: $390.00;

 iii. For the year 2022: Meals: $135.00.

57. The Defendants have no records to take these credits against Plaintiff SANDRA BAIRES' wages listed in ¶ 56 above, as required by 29 U.S.C. 203(m). The $15.00 wrongfully deducted per pay period (or $7.50 weekly) represents overtime pay which was wrongfully and regularly deducted from Plaintiff SANDRA BAIRES' paycheck and which remains due and owing for each week Plaintiff SANDRA BAIRES worked for the Defendants.

58. The average value of these wrongfully withheld statutory deductions and meal deductions amount to approximately 350 completely overtime hours weekly at Plaintiff SANDRA BAIRES's overtime rate of $20.25[4]/hr.

59. Therefore, in addition to the missing overtime hours worked off the clock and/or regularly deleted by the Defendants as claimed ¶ 29 above, Plaintiff SANDRA BAIRES claims at least an additional 350 of completely unpaid overtime hours, at a time and a half rate, for the overtime

---

[4] For purposes of this count, an *average* overtime rate was used based on the different hourly rates Plaintiff Sandra Baires was paid during the relevant time period and based on a reasonable approximation without the benefit of complete time and pay records from Defendants.

hours that appear on her pay stubs but were never paid to Plaintiff SANDRA BAIRES nor on Plaintiff's behalf due to the wrongful withholdings/deductions stated herein.

60. Due to these wrongful deductions made per period to each Plaintiff's paychecks by the Defendants, each Plaintiff never received the correct amount of overtime pay for ***any*** hour of overtime reflected on each Plaintiff's paystubs. Therefore, each Plaintiff claims time and a half pay for each hour reflected as overtime pay on each Plaintiff's paystubs but was not paid at the correct overtime rate and, therefore, cannot count as proper overtime pay as a matter of law. The weekly remuneration which each Plaintiff was actually paid by the Defendants divided by the total hours worked weekly reflected on each paystub, would yield each Plaintiff's hourly rate which, in turn, would be used to calculate the time and a half overtime rate due and owing on all overtime hours worked weekly by each Plaintiff.

Wherefore, the Plaintiffs NORIS AREVALO, JUAN AREVALO VILLALOBOS, TOMAS AVENDANO and SANDRA BAIRES request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all time and a half overtime wages claimed in Count II above owing each Plaintiff for their entire employment period with the Defendants, or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. ***The Plaintiffs request a trial by jury.***

## COUNT III - CONVERSION/ CIVIL THEFT

Come now the Plaintiffs NORIS AREVALO, JUAN AREVALO VILLALOBOS, TOMAS AVENDANO and SANDRA BAIRES, by and through undersigned Counsel and re-adopt the factual allegations in Count II, Para. 31-60, and further state:

61. The wrongful deductions for Social Security, Medicare, meals and parking expenses, taken

each pay period from Plaintiff NORIS AREVALO's paychecks were intentionally and/or recklessly taken by the Defendants HAVANA HARRY'S II INC., NIEVES FEAL and ARTHUR CULLEN. Defendants knew that these wrongful deductions could not be paid to the U.S. Government on behalf of the Plaintiff but deducted or caused to be deducted these amounts which permanently deprived the Plaintiff of his earned wages.

62. The wrongful deductions for meals and parking expenses, taken each pay period from Plaintiff JUAN AREVALO VILLALOBOS' paychecks were intentionally and/or recklessly taken by the Defendants HAVANA HARRY'S II INC., NIEVES FEAL and ARTHUR CULLEN. Defendants knew that these wrongful deductions could not be paid to the U.S. Government on behalf of the Plaintiff but deducted or caused to be deducted these amounts which permanently deprived the Plaintiff of his earned wages.

63. The wrongful deductions for Federal tax, Social Security, Medicare, and meal expenses, taken each pay period from Plaintiff TOMAS AVENDANO's paychecks were intentionally and/or recklessly taken by the Defendants HAVANA HARRY'S II INC., NIEVES FEAL and ARTHUR CULLEN. Defendants knew that these wrongful deductions could not be paid to the U.S. Government on behalf of the Plaintiff but deducted or caused to be deducted these amounts which permanently deprived the Plaintiff of his earned wages.

64. The wrongful deductions for Federal tax, Social Security, Medicare, and meal expenses, taken per pay period from Plaintiff SANDRA BAIRES' paychecks were intentionally and/or recklessly taken by the Defendants HAVANA HARRY'S II INC., NIEVES FEAL and ARTHUR CULLEN. Defendants knew that these wrongful deductions could not be paid to the U.S. Government on behalf of the Plaintiff but deducted or caused to be deducted these amounts which permanently deprived the Plaintiff of her earned wages.

65. The Defendants used these wrongful payroll deductions for their own benefit, permanently depriving the Plaintiffs of the value of the same as described herein. The Defendants asserted wrongful control over the wages earned by each Plaintiff as described herein.

66. The Defendants took the Plaintiffs money (wrongfully deducted the payroll items described herein) without the Plaintiffs' consent and with the intention to deprive the Plaintiffs of their money as described herein.

67. The Defendants benefitted from these regular and wrongful deductions because they reduced their own Federal income tax liability and employee tax liability by the amount of employee wages which included the same. Specifically, The Defendants used the value of these wrongful payroll deductions as employee expenses to reduce their own income tax liability for the relevant years. Additionally, the Defendants applied for and received a Federal PPP loan during the Covid Pandemic for over one million dollars. The amount of the PPP loan was based on the amount of the Defendants' monthly payroll costs multiplied by a multiplier. By claiming the Plaintiffs' wrongfully deducted payroll deductions as part of the Defendants' payroll expenses, the Defendants benefitted by receiving a PPP loan in a greater amount than they would have received without claiming the same.

Wherefore, the Plaintiffs NORIS AREVALO, JUAN AREVALO VILLALOBOS, TOMAS AVENDANO and SANDRA BAIRES request all available damages provided by State and Federal law to be proven at the time of trial for wrongful deductions and/or expenses and money owing to each Plaintiff for their entire employment period with the Defendants, treble damages as allowed by law and F.S. 772.11 [5] along with court costs, interest, and any other relief that this

---

[5] A Civil Theft Latter, demanding treble damages was sent to Defense Counsel, Mr. Kassier pursuant to FS 772.11.

Court finds reasonable under the circumstances. ***The Plaintiffs request a trial by jury.***

.

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
E-mail: zabogado@aol.com

By:__/s/ J.H. Zidell_____
J.H. Zidell, Esq.
Florida Bar Number: 0010121


CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 9/4/2023 TO ALL PARTIES REGISTERED TO RECEIVE NOTICE OF ELECTRONIC FILINGS:


By:__/s/ J.H. Zidell_____
J.H. Zidell, Esq.