UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20555-CIV-DAMIAN

**NORIS AREVALO**, *et al.*,

    Plaintiffs,

v.

**HAVANA HARRY'S II INC.**, *et al.*,

    Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [ECF NO. 73]**

THIS CAUSE is before the Court on Defendants, Havana Harry's II Inc., Nieves Feal, and Arthur Cullen's (collectively, "Defendants"), Motion for Judgment on the Pleadings [ECF No. 73], filed September 21, 2023, (the "Motion").

THE COURT has reviewed the Motion, the Response and Reply thereto [ECF Nos. 90 and 97], and the pertinent portions of the record and is otherwise fully advised in the premises. In the Motion, Defendants assert they are entitled to judgment on the pleadings as to Counts II and III of the First Amended Complaint in which Plaintiffs allege claims for improper payroll deductions and conversion/civil theft, respectively. For the reasons set forth below, Defendants' Motion is granted in part and denied in part.

## I. BACKGROUND

Plaintiffs, Noris Arevalo, Juan Arevalo Villalobos, Tomas Avendano, and Sandra Baires (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, filed this action against Defendants to recover alleged unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq. See generally* [ECF No. 1].

On September 4, 2023, Plaintiffs filed a First Amended Complaint, asserting two additional claims for relief, specifically, federal overtime wage violations based on allegedly improper payroll deductions (Count II) and conversion/civil theft pursuant to Florida law also based on allegedly improper payroll deductions (Count III). *See generally* [ECF No. 66] ("FAC").

In the FAC, Plaintiffs allege they worked as cooks and food preparers in the kitchen at Defendants' restaurant from 2016 through April 2022, when the restaurant was sold. *Id.* ¶¶ 10–15. In Count I, Plaintiffs claim that Defendants failed or refused to pay each Plaintiff all of their overtime wages by manipulating time records to reduce or "shave off" at least six overtime hours per week from each of their paychecks, in violation of the FLSA. *Id.* ¶¶ 21–30. In Count II, Plaintiffs claim Defendants made wrongful deductions each pay period from each of their paychecks, including payroll deductions pursuant to the Federal Insurance Contributions Act ("FICA") and deductions for meals and parking expenses, and that, as a result, the overtime pay reflected on Plaintiffs' paychecks was not paid at the correct rate.[1] *Id.* ¶¶ 31–59. In Count III, Plaintiffs assert state law claims for conversion/civil theft alleging Defendants intentionally and/or recklessly made wrongful deductions for FICA, parking expenses, and meals from Plaintiffs' paychecks but that Defendants failed to remit the FICA deductions to the federal taxing authorities such that Plaintiffs received no benefit from those deductions and were deprived of their earned wages. *Id.* ¶¶ 61–67.

---

[1] Plaintiffs Noris Arevalo, Tomas Avendano, and Sandra Baires are claiming unlawful deductions for FICA, meals, and parking expenses, and Plaintiff Juan Arevalo Villalobos is claiming unlawful deductions for parking expenses and meals only.

Defendants filed the Motion now before the Court seeking judgment on the pleadings as to Counts II and III. Defendants argue there is no private cause of action to recover unremitted FICA taxes and that the FLSA does not prohibit deductions for parking expenses and meals if an employee is paid overtime wages at the rate of time-and-a-half of his or her regular hourly rate. Defendants also argue that Plaintiffs cannot assert state law claims (conversion and civil theft) based on FICA violations because such claims are preempted by federal law.

## II. LEGAL STANDARD

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (citation omitted). "The standard of review for judgment on the pleadings is almost identical to the standard used to decide motions to dismiss." *Doe v. Bd. of Cnty. Comm'rs, Palm Beach Cnty., Fla.*, 815 F. Supp. 1448, 1449 (S.D. Fla. 1992) (citation omitted). As on a motion to dismiss, the court "must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the non-movant." *GEICO Marine Ins. Co. v. Baron*, 426 F. Supp. 3d 1263, 1264 (M.D. Fla. 2019) (citing *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

Judgment on the pleadings is appropriate only when "it is beyond doubt that the non-movant can plead no facts that would support the claim for relief." *Doe*, 815 F. Supp. at 1449–50 (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)); *see also King v. Akima Glob. Servs., LLC*, 775 F. App'x 617, 620 (11th Cir. 2019) (judgment on the pleadings is

3

warranted where "it is clear from the pleadings that the plaintiff is not entitled to relief under any set of facts consistent with the complaint") (citation omitted).

## III. DISCUSSION

As set forth above, Defendants seek judgment as a matter of law as to Counts II and III of the FAC.

### A. *Count II – FLSA Claims Based On Deductions For FICA, Parking, And Meals*

In Count II, Plaintiffs allege Defendants made improper deductions for FICA taxes, parking expenses, and meals from their paychecks in violation of the FLSA. Plaintiffs claim these wrongful deductions deprived them of the correct amount of overtime pay. *See, e.g.*, FAC at ¶¶ 37–38. Specifically, Plaintiffs allege that the amounts deducted for these various charges were amounts earned that should have been paid at the rate of time and a half as overtime wages but were unpaid altogether. Additionally, Plaintiffs assert Defendants have no records of these deductions as required under Section 203(m) of the FLSA. *See id.* ¶ 36. The Court first addresses the parties' arguments regarding the FICA deductions and then regarding the deductions for parking expenses and meals.

#### 1. FICA Deductions

Plaintiffs seek allegedly unpaid overtime pay based on Defendants' wrongful FICA[2] deductions from their wages. Defendants argue that Plaintiffs are seeking to recover allegedly

---

[2] FICA imposes a tax on "wages" that employers pay their employees for the purpose of funding the Social Security Trust Fund. *See* 26 U.S.C. §§ 3101(a)–(b), 3111(a)(b); *see also McDonald v. State Farm Bureau Life Ins. Co.*, 291 F.3d 718, 721 (11th Cir. 2002) (describing the FICA tax generally). There are two subcategories of FICA taxes: a 1.45% tax that supports Medicare, and a 6.2% tax that supports "old age, survivors, and disability insurance." *Id.* Employers are required to collect FICA taxes by deducting and withholding the required

unpaid remittances of FICA taxes to the IRS but that claims for FICA violations are preempted by the FICA statute which does not provide a private right of action for such claims. Defendants also argue that Plaintiffs cannot demonstrate that they suffered damages based on FICA deductions because they will receive social security benefits even if the FICA taxes were not remitted to the IRS. In their Response, Plaintiffs contend they are not suing to recoup the alleged wrongful deductions as violations of FICA. Instead, Plaintiffs argue the FICA deductions cannot be deducted from their wages under the FLSA since they were not paid for Plaintiffs' benefit because some of the Plaintiffs, who were undocumented aliens at the time, are not entitled to receive FICA benefits.

As Defendants point out, the Eleventh Circuit has held that there is no private right of action under FICA for violations of the statute's provisions. In *McDonald v. State Farm Bureau Life Insurance*, the plaintiff sued his former employer for a violation of FICA because the employer designated plaintiff as an independent contractor and, therefore, did not make any FICA contributions on the employee's behalf. 291 F.3d 718, 726 (11th Cir. 2002). The Eleventh Circuit affirmed the dismissal of the plaintiff's lawsuit on grounds that Congress did not intend to create a private right of action under FICA for such sums. *Id.* ("In the absence of any textual, structural, or historical reason to believe that Congress intended to allow a private right of action, and in the face of administrative procedures indicating that it did not, we hold that no private right of action may be implied under FICA."); *see also Powell v. Carey*

---

amounts from their employees' wages. *See* 26 U.S.C. § 3102(a). Employers also pay FICA contributions equal to the amounts withheld from their employees' wages. *See* 26 U.S.C. § 3111(a). Thus, FICA taxes are "paid in part by employees through withholding, and in part by employers through an excise tax." *United States v. Lee*, 455 U.S. 252, 254 n.1 (1982).

*Int'l, Inc.*, 514 F. Supp. 2d 1302, 1323–24 (S.D. Fla. 2007) ("neither the text, structure nor legislative history of FICA creates by implication a private cause of action" under FICA) (citing *McDonald*, 291 F.3d at 726); *Mann v. Falk*, No. 2:11-cv-14432, 2012 WL 4896726, at *7 n.15 (S.D. Fla. Oct. 15, 2012) (Moore, J.) (granting defendants' motion for summary judgment on an unjust enrichment claim where the plaintiff sought money that he improperly paid as taxes that should have been paid by the defendants because such claims are preempted by the FICA statute and there is no private right of action under FICA).

Likewise, here, Plaintiffs cannot recover amounts deducted from their paychecks pursuant to FICA, even if those deductions were improper as to them, because any such claims are preempted by the FICA statute, which does not provide a private right of action.

Plaintiffs' attempt to couch their claims for recovery of FICA deductions as claims for unpaid overtime wages under the FLSA is unavailing. Initially, Plaintiffs fail to cite case law supporting this novel theory. Moreover, it is unclear from the FAC why this claim is distinct from the overtime claim in Count I. If Plaintiffs are alleging they worked overtime hours that were not paid at the rate of time-and-a-half their regular pay, then they should include that in their FLSA overtime claim in Count I, even if those unpaid overtime hours happen to match the amounts paid as FICA deductions. Trying to fit their improper FICA deductions claim into the FLSA's overtime provisions is like trying to fit a square peg into a round hole. It doesn't work.

Lastly, the Court also points out that Plaintiffs' argument that the FICA deductions were wrongfully withheld because three of the four named Plaintiffs were undocumented aliens who did not qualify for social security benefits is contrary to the plain language of the

6

Internal Revenue Code's definition of "employment" as "any service, of whatever nature, performed (A) by an employee for the person employing him, *irrespective of the citizenship or residence of either*, (i) within the United States[.]" 29 U.S.C. § 3121(b). Plaintiffs cite no support for their claim that Defendants should not have withheld FICA taxes for undocumented employees.

Based on the foregoing, the Court finds that even accepting Plaintiffs' allegations as true, they have not and cannot assert a claim under the FLSA to recover unremitted FICA deductions.

### 2. Deductions For Meals And Parking Expenses

Plaintiffs also allege Defendants made improper deductions for parking expenses and meals which represent unpaid overtime pay and that Defendants did not maintain records showing the costs incurred as required under the FLSA to receive a wage credit for these deductions. In the Motion, Defendants argue the costs for meals and parking expenses deducted from Plaintiffs' paychecks did not reduce Plaintiffs' overtime pay. Defendants also argue the FLSA does not prohibit such deductions if the employee is paid overtime wages at the rate of time-and-a-half his or her regular pay. In response to Plaintiffs' argument regarding the records for the costs incurred, Defendants argue this claim is unfounded because Defendants are in possession of records of the costs of meals received by Plaintiffs.

Under the FLSA, employers may deduct from employees' pay the reasonable cost of "board, lodging, or other facilities." 29 U.S.C. § 203(m).[3] As the Eleventh Circuit explains, "[T]he employer may lawfully deduct from an employee's pay the reasonable cost of employer provided housing and meals, even if that deduction results in the employee's cash pay falling below the statutory minimum." *Ramos-Barrientos v. Bland*, 661 F.3d 587, 595 (11th Cir. 2011) (internal quotations omitted). The accompanying regulations promulgated by the Secretary of Labor require employers to keep certain records of the cost incurred in furnishing board, lodging, or other facilities. 29 C.F.R. § 516.27(a). Additionally, the employer must maintain on a weekly basis records reflecting additions to wages or deduction from wages for board, lodging, or other facilities. *Id.* § 516.28(b). The "reasonable cost" of such calculations cannot be "more than the actual cost to the employer of the board, lodging, or other facilities customarily furnished by him to his employees." *Id.* § 531.3(a). The employer has the burden of proving the reasonable costs incurred which they claim was furnished to employees, and,

---

[3] *See* 29 C.F.R. § 531.32(a) ("'Other facilities,' as used in this section, must be something like board or lodging. The following items have been deemed to be within the meaning of the term: Meals furnished at company restaurants or cafeterias or by hospitals, hotels, or restaurants to their employees; meals, dormitory rooms, and tuition furnished by a college to its student employees; housing furnished for dwelling purposes; general merchandise furnished at company stores and commissaries (including articles of food, clothing, and household effects); fuel (including coal, kerosene, firewood, and lumber slabs), electricity, water, and gas furnished for the noncommercial personal use of the employee; transportation furnished employees between their homes and work where the travel time does not constitute hours worked compensable under the Act and the transportation is not an incident of and necessary to the employment.).

8

therefore, that they are entitled to the credits claimed under Section 203(m) of the FLSA. *See Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 473–75 (11th Cir. 1982).

Thus, the FLSA does provide specific requirements applicable to employer deductions for meals and other facilities. As such, it cannot be said that Plaintiffs can prove no set of facts to support a claim for relief under the FLSA based on a violation of such requirements. The Court observes, however, that by couching the claim as a violation of the overtime provisions of the FLSA, Plaintiffs have made their claim for relief on these grounds somewhat unclear. If Plaintiffs successfully demonstrate that Defendants made improper deductions that reduced their hourly pay rate for purposes of calculating unpaid overtime, then the Court views such allegations as relevant to damages.

In any event, Defendants have not met their burden for judgment on the pleadings with respect to Plaintiffs' claim of violations of the FLSA based on improper deductions for meals and parking expenses. As noted above, there are disputes of material fact regarding whether Defendants charged a reasonable amount and kept the records required with respect to the costs of providing meals and parking in order to take a wage credit for such deductions under the FLSA. Because there exist material disputes of fact as to whether these deductions were permissible under the FLSA, judgment on the pleadings is inappropriate on this claim. *See United States v. Khan*, No. 3:17-cv-965-J-PDB, 2018 WL 6308678, at *1 (M.D. Fla. Sept. 26, 2018) ("A court must deny a motion for judgment on the pleadings if a 'comparison of the averments in the competing pleadings reveals a material dispute of fact.'" (quoting *Perez*, 774 F.3d at 1335)).

Viewing the allegations in the FAC as true, nothing on the face of the pleadings forecloses the possibility that Plaintiffs could recover back wages for the value of the parking expenses and meals that were allegedly improperly deducted from their paychecks in violation of the FLSA. *See Donovan*, 676 F.2d at 473–75 (affirming the district court's holding that an employer bears the burden of proving that he is entitled to the Section 203(m) credit).

Therefore, judgment on the pleadings in favor of Defendants is not warranted on Plaintiffs' claims based on unlawful deductions for meals and parking expenses.

### B. Count III – Conversion/Civil Theft Claims

In Count III, Plaintiffs assert claims for conversion and civil theft under Florida law and allege the improper deductions for FICA, meals, and parking expenses discussed above were "intentionally and/or recklessly taken by Defendants." FAC at ¶¶ 61–64. According to the allegations in the FAC, Defendants "used these wrongful payroll deductions for their own benefit" and "took . . . Plaintiffs['] money . . . without [their] consent and with the intention to deprive . . . Plaintiffs of their money." *Id.* ¶¶ 65–66.

Defendants argue they are entitled to judgment on the pleadings on these state law claims because Plaintiffs fail to plead any facts supporting a criminal intent allegation, which is an essential element of a civil theft claim, and because the claims are preempted by the FLSA and barred by the economic loss rule—that is, the alleged civil theft damages are not separate and distinct from the damages which flow from breach of the employment contract. Plaintiffs maintain they have adequately pled a claim for civil theft and that their claim is neither preempted by the FLSA nor barred by the economic loss rule.

10

### 1. Sufficiency Of The Allegations

To assert a claim for conversion under Florida law, a plaintiff must allege the following elements: "(1) [an] act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein." *Del Monte Fresh Produce Co. v. Dole Food Co.*, 136 F. Supp. 2d 1271, 1294 (S.D. Fla. 2001) (citing *Warshall v. Price*, 629 So. 2d 903, 904 (Fla. 4th DCA 1993)). To set forth a viable claim for civil theft, a plaintiff must plead the three elements in support of a conversion claim with an additional allegation of criminal intent.[4] *See Omnipol, A.S. v. Multinational Defense Servs., LLC*, 32 F.4th 1298, 1307–08 (11th Cir. 2022) ("Under Florida law, a plaintiff stating a claim for civil theft must allege the defendant (1) knowingly (2) obtained or used, or endeavored to obtain or use, the plaintiff's property with (3) 'felonious intent' (4) either temporarily or permanently to (a) deprive the plaintiff of the right or benefit of the property, or (b) appropriate the property to the defendant's own use or the use of another.") (citation omitted); *see also Palmer v. Gotta Have It Golf Collectibles, Inc.*, 106 F. Supp. 2d 1289, 1303 (S.D. Fla. 2000) (stating that "a cause of action for civil theft 'derives from two statutory sources: the criminal section setting forth the elements of theft, and the civil section granting private parties a cause of action for a violation of the criminal section'") (quoting *Ames v. Provident Life & Accident Ins. Co.*, 942 F. Supp. 551, 560 (S.D. Fla. 1994)).

---

[4] "Before filing an action for damages under [the civil theft statute], the person claiming injury must make a written demand for $200 or the treble damage amount of the person liable for damages." Fla. Stat. § 772.11(1). The person receiving the written demand is afforded thirty days to comply with the demand. *Id.* Here, Plaintiffs complied with the statutory notice requirement. *See* FAC at 15 n.5.

"[A] mere obligation to pay money may not be enforced by an action for conversion." *Capital Bank v. G & J Invs. Corp.*, 468 So. 2d 534, 535 (Fla. 3d DCA 1985); *Neelu Aviation, LLC v. Boca Aircraft Maint., LLC*, No. 18-CV-81445, 2019 WL 3532024, at *8 (S.D. Fla. Aug. 2, 2019) (Bloom, J.) ("[T]he law in Florida is clear—a simple monetary debt generally cannot form the basis of a claim for conversion or civil theft.") (citation omitted). However, the existence of a contract will not foreclose a conversion or civil theft claim where it is alleged that a defendant has misappropriated funds or property for fraudulent or personal activity that goes beyond just a breach of the underlying contract. *Leisure Founders, Inc. v. CUC Int'l, Inc.*, 833 F. Supp. 1562, 1573–74 (S.D. Fla. 1993) ("Where the contract between the parties is entirely irrelevant to the facts surrounding the alleged conversion, or where the contract is merely incidental to the conversion, the contractual relationship between the parties will not except the defendant from potential liability . . . .") (citing *Nova Flight Ctr., Inc. v. Viega*, 554 So. 2d 626, 627 (Fla. 5th DCA 1989), and *Russo v. Heil Constr., Inc.*, 549 So. 2d 676, 677 (Fla. 5th DCA 1989)).

In this case, Plaintiffs' conversion and civil theft claims as pled in Count III do not state a claim for relief under either theory of tort liability. The allegations merely state that Defendants intentionally or recklessly took deductions for FICA, meals, and parking expenses from Plaintiffs' wages. And, as for the civil theft claims, Plaintiffs have not adequately pled the "felonious intent" element to support such a claim. *See Mejia v. Cambridge Specialty Constr. Corp.*, No. 09-CV-22105, 2009 WL 10700177 (S.D. Fla. Sept. 29, 2009) (King, J.).

Reviewing the FAC in the light most favorable to Plaintiffs, they have not alleged facts sufficient to support a conversion or civil theft claim, but, even if they did, the claims cannot proceed if they are found to be preempted by the FLSA.

### 2. Preemption By The FLSA

"Courts have consistently held that 29 U.S.C. § 216(b) is the exclusive remedy for enforcing rights created under the FLSA." *Morrow v. Green Tree Serv., LLC,* 360 F. Supp. 2d 1246, 1252 (M.D. Ala. 2005). Accordingly, when "a plaintiff's state law claims are merely the FLSA claims recast in state law terms, those state law claims are preempted by the FLSA." *Belmonte v. Creative Props., Inc.*, No. 19-61438-Civ, 2019 WL 5063832, at *2 (S.D. Fla. Oct. 8, 2019) (Moreno, J.). Courts routinely dismiss such "duplicative state law claims where they rely on proof of the same facts." *See id.* In *Bule v. Garda CL Southeast, Inc.*, plaintiff's state law claims were dismissed where the court found "a plain reading of [p]laintiff's state law claims reveal they are all, without a doubt, dependent on a finding of the same violations of the FLSA." No. 14-21898-Civ, 2014 WL 3501546, at *2 (S.D. Fla. July 14, 2014) (Moreno, J.). Similarly, in *Munera v. Tops Kitchen Cabinet & Granite LLC*, the district court found *Belmonte* and *Bule* instructive, dismissing the plaintiff's state law claims because they merely recast her FLSA claim. No. 21-20619-CIV, 2021 WL 1700374, at *2 (S.D. Fla. Apr. 29, 2021) (Scola, J.); *see also Tombrello v. USX Corp.,* 763 F. Supp. 541, 545 (N.D. Ala. 1991) ("As a matter of law, [a] plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims in addition to the FLSA claim.").

The Court finds that based on a plain reading of the FAC, Plaintiffs' conversion and civil theft claims in Count III are based on the same facts that provide the basis of their FLSA claims in Count II for improper payroll deductions. That is, Plaintiffs are seeking to recoup the improper deductions for FICA, meals, and parking expenses (in the form of unpaid overtime wages) via the state law claims for conversion and civil theft. *Compare* FAC at ¶¶ 61–64 *with* ¶¶ 31–38. Therefore, Plaintiffs' conversion and civil theft claims are "premised on their right to payment under the FLSA." *Chinea v. United Drywall Grp.*, No. 09-20274-CIV, 2010 WL 11506033, at *2 (S.D. Fla. Feb. 17, 2010) (Seitz, J.) (dismissing conversion claim as preempted by the FLSA); *see also Alon v. American Express Travel Related Servs. Co.*, No. 08-61897-CIV, 2009 WL 10668592, at *3–4 (S.D. Fla. June 30, 2009) (Cohn, J.) (dismissing with prejudice cause of action for conspiracy to defraud by withholding overtime pay as preempted by the FLSA).

Based on the foregoing, Count III of the FAC is preempted by the FLSA, and, therefore, even if Plaintiffs had adequately stated a claim for conversion or civil theft, judgment as a matter of law as to this Count is warranted.[5]

### C. Entitlement To Attorney's Fees And Costs

In the Motion, Defendants assert they are entitled to recover their reasonable attorney's fees and costs on the civil theft claim pursuant to Section 772.11 of the Florida Statutes. Section 772.11(1) of the civil theft statute provides that "[t]he defendant is entitled

---

[5] Defendants also contend these claims are barred by the economic loss rule. This Court need not reach this issue due to the holding that the claims may not proceed because they are preempted.

to recover reasonable attorney's fees and court costs . . . upon a finding that the claimant raised a claim that was without substantial fact or legal support." Fla. Stat. § 772.11(1) (2023); *see Ciaramello v. D'Ambra*, 613 So. 2d 1324, 1325 (Fla. 2d DCA 1991) (interpreting the Florida legislature's intent in wording section 772.11 "to discourage civil theft claims lacking either legal or factual substance by setting a less stringent standard for a fee award than [a] bad faith standard"). "This statutory language imposes a mandatory fee-shifting requirement upon a finding that a claimant asserted a cause of action for civil theft that was without substantial fact or legal support." *Peng v. Mastroinni*, No. 20-80102-CIV, 2021 WL 4522003, at *1 (S.D. Fla. July 9, 2021) (Cannon, J.) (citing *Ciaramello*, 613 So. 2d at 1325).

In this case, Plaintiffs first raised a civil theft claim in their FAC after this Court granted leave to file an amended complaint to assert additional claims. *See* ECF No. 65. Thereafter, Defendants filed the Motion for Judgment on the Pleadings now before the Court. As discussed above, this Court found there is no substantial legal or factual support for Plaintiffs' civil theft claim, and, therefore, Defendants are entitled to recover their reasonable attorney's fees and costs incurred in defending against and achieving the dismissal of the civil theft claim.

## IV.  CONCLUSION

For the reasons set forth above, the Court finds that Defendants are entitled to judgment as a matter of law as to Count II of the FAC to the extent that Count is based on allegedly improper deductions under FICA and as to Count III in its entirety on grounds these claims are preempted by the FLSA. The Court also finds that Defendants are entitled to recover their reasonable attorney's fees and costs incurred in defending the civil theft claim.

Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendants' Motion for Judgment on the Pleadings [ECF No. 73] is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The Motion is **GRANTED** as to Plaintiffs' claims for overtime violations based on allegedly improper FICA deductions in Count II, and these claims are **DISMISSED WITH PREJUDICE**;

2. The Motion is **GRANTED** as to Plaintiffs' state law claims for civil theft and conversion based on allegedly improper payroll deductions in Count III, and these claims are **DISMISSED WITH PREJUDICE**; and

3. The Motion is **DENIED** as to Plaintiffs' claims for violations of the FLSA based on allegedly unlawful deductions for meal and parking expenses in Count II.

It is further

ORDERED AND ADJUDGED that Defendants' request for attorney's fees and costs for defending the civil theft claim pursuant to Section 772.11(1), Florida Statutes, is **GRANTED**. Accordingly, Defendants' counsel shall provide to Plaintiffs' counsel an itemization of fees and costs incurred in connection with defending the civil theft claim in an effort to agree on a reasonable fees and costs award. Upon receipt of Defendants' itemization, Plaintiffs may send objections, if any, to Defendants' counsel within seven (7) days after receipt of the itemization. If the parties are able to agree on an amount, Defendants shall file an unopposed Motion for entry of a fee award, and, if the parties are unable to agree, Defendants shall file a Motion for entry of a fee award identifying those items as to which the

parties are unable to agree, and Plaintiffs may respond in accordance with Local Rule 7.1. Within thirty (30) days from the date of the Order approving Defendants' fees and costs award, Plaintiffs or Plaintiffs' counsel shall pay said amount in accordance with instructions provided by Defendants' counsel.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of January, 2024.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of record